UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE BURCH, o/b/o AMANDA
PASLEY,

    Plaintiff,                                                     Case No. 07-12747

v.                                                       Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 25, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Michelle Burch ("Plaintiff") applied for Social Security Supplemental Security Income ("SSI") childhood disability benefits on behalf of her minor child on June 29, 2007, alleging disability due to severe emotional impairments. Plaintiff initiated this action on June 29, 2007, seeking judicial review of the Commissioner of Social Security's denial of SSI benefits. On July 10, 2007, the Court granted Plaintiff's application to proceed *in forma pauperis*, but ordered that Plaintiff must arrange for service of the complaint. (Doc. No. 4.) This matter was referred to Magistrate Judge Donald A. Scheer.

On January 10, 2008, Magistrate Judge Scheer sent a Notice to Plaintiff's last known address in Akron, Michigan, informing her that she has not filed proof that Defendant had been served with her complaint. Magistrate Judge Scheer's Notice informed Plaintiff that she needed to serve (1) the Commissioner of Social Security in Baltimore, Maryland, (2) the Attorney General of the United States in Washington, D.C., and (3) the United States Attorney for the Eastern District of Michigan in Detroit, Michigan. (Doc. No. 5.) Furthermore, Magistrate Judge Scheer informed Plaintiff that unless she filed proof of service within two weeks from the date of his Notice, he will recommend that her case be dismissed for lack of progress pursuant to Eastern District of Michigan Local Rule 41.2.

Since the issuance of Magistrate Judge Scheer's January 10, 2008 Notice, Plaintiff has failed to file the proof of service. On February 15, 2008, Magistrate Judge Scheer filed a Report and Recommendation ("R&R"), recommending that Plaintiff's complaint be dismissed for lack of progress pursuant to E.D. Mich. LR 41.2. At the conclusion of the R&R, Magistrate Judge Scheer advises Plaintiff that she may object and seek review of the R&R within ten days of service upon her. (*Id.*) The R&R also advises Plaintiff that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* (citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)).[1]

---

[1] The Sixth Circuit in *United States v. Walters* held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal. 638 F.2d 957, 949-50 (6th Cir.

2

The Court has carefully reviewed the R&R and concurs with Magistrate Judge Scheer's conclusion that Plaintiff's complaint should be dismissed for lack of progress pursuant to E.D. Mich. LR 41.2.

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED FOR LACK OF PROGRESS**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Michelle Burch
3525 Ringle Road
Akron, MI 48701

---

1981). The power to impose such an administrative rule was affirmed by the Supreme Court in *Thomas v. Arn*, 474 U.S. 140, 105 S. Ct. 466 (1985). *See also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Because Magistrate Judge Pepe notified the parties that failure to file objections would constitute a waiver of their right to appeal and the parties failed to file any objections to the R&R, the parties have waived their right to appeal.